**No. 15-1362**

IN THE

# United States Court of
# Appeals for the Third Circuit

———————————

### HAROLD M. HOFFMAN,
Individually and on behalf of those similarly situated,

*Plaintiff-Appellant*,

v.

### NORDIC NATURALS, INC.

*Defendant-Appellee*,

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-14-cv-03291)

▬▬▬▬▬▬▬▬▬▬

## BRIEF OF *AMICI CURIAE* LAW PROFESSORS IN SUPPORT OF PETITION FOR REHEARING

———————————

Steven F. Baicker-McKee

Duquesne University School of Law

600 Forbes Avenue

Pittsburgh, PA 15282

(412) 396-2258

*Counsel for Amici Curiae*

November 4, 2016

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………….ii

INTEREST OF AMICI ..………………………………………………………….iii

SUMMARY OF ARGUMENT……………………………………………………….1

ARGUMENT………………………………………………………………………..2

I.    In the *Steel Co.–Ruhrgas–Sinochem* trilogy, the Supreme Court established the analytical framework for the sequencing of threshold issues.

II.    Claim Preclusion is a final termination of the plaintiff's claim, not a "threshold ground for denying audience" to the plaintiff.

III.    The procedural and factual posture of this case amplify the dangers of allowing federal courts to dispose of claims without first determining subject-matter jurisdiction.

CONCLUSION………………..…………………………………………………15

# TABLE OF AUTHORITIES

## CASES

*Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959)………........14

*Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013)……………………..10, 11

*C.I.R. v. Sunnen,* 333 U.S. 591, 68 S. Ct. 715, 92 L. Ed. 898 (1948)……………...6

*Davis Intern., LLC v. New Start Group Corp*., 488 F.3d 597 (3d Cir. 2007) …..…6

*Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519 (5th Cir. 2008) ………..9

*Gonzalez-Cifuentes v. I.N.S*., 253 Fed.Appx. 173 (3d Cir. 2007) (unpublished)….7

*Graboff v. Am. Ass'n of Orthopaedic Surgeons*, 559 Fed. Appx. 191
    (3d Cir. 2014) (unpublished)……………………………………………….7

*Haefner v. City of Lancaster*, Pa., 566 F. Supp. 708  (E.D. Pa. 1983) …………...8

*Hoffman v. Nordic Nats., Inc.*, 2015 WL 179539 (D.N.J. 2015)………………...11

*Hoffman v. Nordic Nats., Inc.*, 2016 WL 4791848 (3d Cir. 2016)………........6, 14

*Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379,4 S.Ct. 510 28
    L.Ed. 462 (1884)………………………………………………………………2

*Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649 (9th Cir. 2014)…………..9, 10

*Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006) ………………………………12, 13

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 143
    L.Ed.2d 760 L.Ed. 2d. 760 (1999)………………………………………3, 5

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Ship. Corp.*, 549 U.S. 422,
    127 S.Ct. 1184, 167 L.Ed.2d 15 (2007)…………………………..3, 4, 5, 10

*Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 18 S.Ct. 1003,
    140 L.Ed.2d 210 (1998)……………………………………………………2, 3

*St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586,
    82 L.Ed. 845 (1938)………………………………………….…..……12, 13

*SupplyOne, Inc. v. Triad Packaging, Inc.*, 2014 WL 3676524
    (E.D. Pa. 2014)…………………………………………………..…….…7, 8

*Walliser v. Hannig*, 358 Fed.Appx. 715 (7th Cir. 2009)………..……..………....8

**STATUTES**

28 U.S.C. § 1332(d)(2)….………………………………………………………..11

**MISCELLEANEOUS**

Kevin M. Clermont, *Sequencing the Issues for Judicial Decisionmaking: Limitations from Jurisdictional Primacy and Intrasuit Preclusion,* 63 Fla. L. Rev. 301, 330 (2011)…………………………………………………..…11

Benjamin T. Clark, *A Device Designed to Manipulate Diversity Jurisdiction: Why Courts Should Refuse to Recognize Post-Removal Damage Stipulations,* 58 Okla. L. Rev. 221 (2005)…………………………………………..…...13

## INTEREST OF *AMICI*

*Amici* are law professors who hold the view that federal courts should not bypass contested questions of subject-matter jurisdiction to dispose of claims under the doctrine of res judicata.

*Amicus* Steven F. Baicker-McKee is an Assistant Professor of Law at Duquesne University School of Law.

*Amicus* Kevin M. Clermont is the Robert D. Ziff Professor of Law at Cornell Law School.

*Amicus* William M. Janssen is a Professor of Law at the Charleston School of Law.

*Amicus* Danne L. Johnson is the Constance Baker Motley Professor of Law at the Oklahoma City University School of Law.

*Amicus* Rory Ryan is a Professor of Law at Baylor Law School.

*Amicus* Julie Cromer Young is an Associate Professor of Law at the Thomas Jefferson School of Law.

As scholars and commentators in the field, *amici amici* are interested in one issue in this case—the question of jurisdictional bypass as applied to res judicata. They have no other interest in the outcome of the litigation.

## SUMMARY OF ARGUMENT

This amicus brief addresses whether a federal district court may dismiss a case on res judicata grounds prior to resolving a challenge to subject-matter jurisdiction.

The Supreme Court has established two guiding principles relevant to this inquiry. First, a court must determine that it has subject-matter jurisdiction prior to reaching the merits.  Second, a court has latitude to decide threshold non-merits grounds in any order the court sees fit, without first confirming its jurisdiction.

Accordingly, the dismissal of this case based on res judicata without adjudicating the appellant's jurisdictional challenge was proper only if res judicata is not a merits-based doctrine. Although there is no consensus among the courts as to whether res judicata is merits based, it is fundamentally different from the doctrines the Supreme Court has identified as non-merits threshold grounds. Whereas those doctrines deny audience to the parties while leaving alternative forums open, res judicata permanently terminates the plaintiff's claim. In particular, when a party has challenged the court's subject-matter jurisdiction, the court risks offending Constitutional limitations on the federal courts' jurisdiction by permanently disposing of a claim in the case without first resolving the jurisdictional challenge.

For this reason, *amici* respectfully submit that this Court should hold that it

is improper to bypass jurisdiction to dispose of a claim in a case under the doctrine of res judicata or claim preclusion. *Amici* take no position on any other issues in the case.

## ARGUMENT

I.    **In the *Steel Co.-Ruhrgas-Sinochem* trilogy, the Supreme Court established the analytical framework for the sequencing of threshold issues.**

In federal courts, subject-matter jurisdiction is a prerequisite to reaching the merits of a dispute. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1112, 140 L.Ed.2d 210 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)). This insistence helps "to restrict the use of the federal courts to those adversarial disputes that Article III defines as the federal judiciary's business." *Id.*, 523 U.S. at 111 (Breyer, J. concurring).

The Court's characterization of the threshold determination of subject-matter jurisdiction as "inflexible and without exception" occurred against the backdrop of the "hypothetical jurisdiction" doctrine. Hypothetical jurisdiction was a practice in which courts assumed jurisdiction for various purposes, including deciding the merits of the case. The Court held that, in the context of a merits decision,

2

hypothetical jurisdiction offends "fundamental principles of separation of powers." *Steel Co*. at 94. Thus, *Steel Co*. confirmed that the proper, and indeed only permissible, sequence for a federal court is to first determine that it has subject-matter jurisdiction over a matter before reaching the merits.

Subject-matter jurisdiction is not, however, the only threshold hurdle for accessing the federal courts. In *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999), the Court addressed whether the principle in *Steel Co.* also mandates that federal courts determine subject-matter jurisdiction before considering personal jurisdiction. Answering in the negative, the Court explained that personal jurisdiction, like subject-matter jurisdiction, is an "essential element" without which the court is "powerless to proceed to an adjudication." *Id*. 526 U.S., at 575. Among these prerequisites, "there is no unyielding jurisdictional hierarchy." *Id.* 526 U.S., at 578. Accordingly, the Court held, there is no mandatory sequencing of jurisdictional issues. *Id*. 526 U.S., at 575.

The Court further expanded its sequencing analysis in *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Ship. Corp.*, 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). In *Sinochem*, the Court considered whether a court may address a request for dismissal under *forum non conveniens* prior to determining subject-matter jurisdiction. To answer this question, the Court recognized its holding in *Ruhrgas* that a court has leeway "to choose among threshold grounds for denying audience

3

to a case on the merits." *Sinochem,* 549 U.S., at 431. "Dismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause." *Id.*

Accordingly, the Court needed to consider whether a dismissal based on *forum non conveniens* was "short of reaching the merits." The Court held that it was: "A *forum non conveniens* dismissal 'den[ies] audience to a case on the merits,' … it is a determination that the merits should be adjudicated elsewhere." *Id.,* 549 U.S., at 432 (citations omitted). "A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.,* 549 U.S., at 432.[1]

The effort and complexity of analysis required to adjudicate the two defenses at issue in *Sinochem* influenced the Court's analysis. Determining personal jurisdiction would have entailed wrestling with an issue of first impression and a period of targeted discovery regarding the defendant's contacts with the forum state. *Id.,* 549 U.S., at 435. In contrast, the court could adjudicate

---

[1] The Court identified the discretion to refrain from exercising supplemental jurisdiction, *Younger* abstention, and the *Totten* doctrine (prohibiting suits against the Government based on covert espionage agreements) as other doctrines that similarly are not merits-based and, thus, may precede a subject-matter jurisdiction determination. *Id.*

the *forum non conveniens* motion without difficulty. *Id.* Thus, concerns of judicial economy favored adjudicating the *forum non conveniens* motion first.

The outcome would have been different, the Court reasoned, if the district court could have readily determined that it lacked jurisdiction. *Id.* 549 U.S., at 436. "In the mine run of cases, jurisdiction 'will involve no arduous inquiry' and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first.'" *Id.* (quoting *Ruhrgas,* 526 U.S., at 587–588). Moreover, once a court has determined that it lacks jurisdiction, it "can proceed no further," and cannot reach *forum non conveniens. Id.,* 549 U.S., at 434.

Under this framework, the critical question in applying the Court's sequencing jurisprudence to claim preclusion is whether claim preclusion is a merits-based doctrine or a "threshold grounds for denying audience" to the plaintiff.

## II.    Claim Preclusion is a final termination of the plaintiff's claim, not a "threshold ground for denying audience" to the plaintiff.

Research suggests a paucity of case law addressing whether a dismissal based on res judicata or claim preclusion is merits-based. In its opinion in this case, the panel cited only two cases to support its affirmance of the district court's sequencing of res judicata. In a footnote, the Court quotes this sentence from *C.I.R.*

5

*v. Sunnen*, 333 U.S. 591, 68 S. Ct. 715, 92 L. Ed. 898 (1948), "If the doctrine of res judicata is properly applicable … the case may be disposed of without reaching the merits of the controversy." *Hoffman*, 2016 WL 4791848, at *3, n. 30. A close reading of *Sunnen* reveals that the Court was merely restating the claim preclusion rule—one decision on the merits allows a subsequent court to dispose of the matter without digging into the merits anew. Critically, *Sunnen* does not hold that claim preclusion is not a merits-based defense.

The only other authority this Court cites in *Hoffman* is *Davis Intern., LLC v. New Start Group Corp*., 488 F.3d 597 (3d Cir. 2007). In *Davis*, the Court did consider bypass and the case involved res judicata. The underlying decision that was ultimately accorded res judicata effect, however, was a dismissal based on *forum non conveniens*. The Supreme Court issued its *forum non conveniens* opinion in *Sinochem* while the *Davis* appeal was pending. The *Davis* Court viewed *Sinochem* as dispositive, and did not expressly address the effects of the res judicata overlay. The Court of Appeals based its decision in *Davis*, accordingly, on the sequencing of *forum non conveniens*, not res judicata.

In addition to *Hoffman* and *Davis*, the Court of Appeals for the Third Circuit has issued at least two opinions that suggest that res judicata is not merits based. These two non-precedential opinions, however, rendered that conclusion without probing analysis, devoting only a cursory footnote to jurisdictional bypass.

In *Gonzalez-Cifuentes v. I.N.S.*, 253 Fed.Appx. 173 (3d Cir. 2007) (unpublished), the Court faced three issues on appeal, including whether it lacked subject-matter jurisdiction based on an allegedly untimely appeal and whether it should give res judicata effect to a Second Circuit dismissal. The Court decided the case based on the res judicata issue, deciding the appeal was precluded on that basis. In a footnote, without elaboration or explanation, the Court wrote, "Because we do not reach the merits, we need not decide whether we lack subject matter jurisdiction." *Id.*, at 175, n.2.

In *Graboff v. Am. Ass'n of Orthopaedic Surgeons*, 559 Fed. Appx. 191 (3d Cir. 2014) (unpublished), the defendant presented three threshold defenses in a motion to dismiss: lack of personal jurisdiction; improper venue; and res judicata. The district court granted the motion on res judicata grounds without reaching the personal jurisdiction or venue defenses. On appeal, this Court affirmed the district court in an opinion that dealt primarily with the applicability of res judicata rather than the jurisprudential support for bypassing the jurisdictional question. The Court addressed bypass in a footnote, writing simply "because dismissal on res judicata grounds does not require us to reach the merits, we need not resolve the jurisdictional issue" *Id.*, at 193, n.2. *See also SupplyOne, Inc. v. Triad Packaging, Inc.*, No. CIV.A. 13-3811, 2014 WL 3676524, at *2, n.4 (E.D. Pa. July 24, 2014)

(holding summarily in a footnote that the Court need not address jurisdiction because dismissal was appropriate on res judicata grounds).

The Eastern District of Pennsylvania addressed the nature of a res judicata ruling more directly in *Haefner v. City of Lancaster*, Pa., 566 F. Supp. 708, 711 (E.D. Pa. 1983). *Haefner* involved three cases: *Haefner I,* the original case; *Haefner II*, a second case dismissed on res judicata grounds; and a third case challenged on res judicata grounds. The court expressly concluded that *Haefner II*—a res judicata decision—was merits-based, and thus entitled to res judicata effect in the third case, "We believe our dismissal of *Haefner II* must be accorded the same preclusive effect as the judgment upon which it was predicated." *Id.* at 711. Like the court of appeals decisions discussed above, however, *Haefner* contains little analysis supporting its conclusion.

A handful of cases outside the Third Circuit also touch on whether dismissal based on res judicata is merits-based. These cases also go both ways, and typically have similarly scanty analysis. For example, in *Walliser v. Hannig*, 358 Fed.Appx. 715 (7th Cir. 2009) (unpublished), the Court of Appeals for the Seventh Circuit considered whether a dismissal by a state court on res judicata grounds is a judgment on the merits for the purposes of claim preclusion in a subsequent suit. The court of appeals described the first res judicata ruling as "a final judgment on the merits." *Id.*, at 717.

In *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519 (5th Cir. 2008), the Court of Appeals for the Fifth Circuit considered the propriety of addressing a difficult res judicata question prior to addressing Article III standing. The district court dismissed the Environmental Conservation Organization's Clean Water Act citizen suit against the City of Dallas on res judicata grounds without reaching the city's alternative mootness argument. The Fifth Circuit recognized *Sinochem*'s "pragmatic" thrust, and because the res judicata analysis was no less burdensome than the standing inquiry, the court declined to address res judicata first. *Id*. Although the opinion does not specifically address whether taking the issues in the reverse order would have been permissible, it implies that, had the res judicata issue been more straightforward, it might have considered the issue first. *Id.*

The Court of Appeals for the Ninth Circuit, in a case that is procedurally analogous to this matter, squarely addressed the sequencing of the defendant's res judicata defense and the plaintiff's post-removal subject-matter jurisdiction challenge. In *Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649 (9th Cir. 2014), the defendant removed the plaintiff's suit. The district court granted summary judgment in favor of the defendants and the plaintiff appealed, challenging the court's subject-matter jurisdiction. The defendant moved to dismiss the appeal on res judicata grounds, arguing that the claims were precluded by prior litigation. The court of appeals held that, although *Sinochem* gives a court leeway to choose

9

among threshold grounds for denying audience to the parties, "[n]either the Supreme Court nor we have previously identified res judicata as such a 'threshold ground,' and we decline to do so in this case." *Id*. at 651.

Existing precedent, therefore, does not present any consensus answer to the question whether a res judicata ruling is sufficiently merits-based that a court should not render it without resolving questions regarding the court's jurisdiction. It is instructive, then, to look at the Supreme Court's reasoning and language in *Sinochem*.

In *Sinochem,* the Court wrote, "A *forum non conveniens* dismissal 'den[ies] audience to a case on the merits,' … it is a determination that the merits should be adjudicated elsewhere." *Id.* 549 U.S., at 432 (citations omitted). The doctrines that the Court has found to be amenable to sequencing fall into this category—they deny audience to the plaintiff in the court in which the matter is pending, deflecting the adjudication to another forum. A dismissal based on subject-matter jurisdiction, personal jurisdiction, venue/*forum non conveniens*, discretion to refrain from exercising supplemental jurisdiction, or *Younger* abstention leaves the plaintiff with the option to pursue the claims in another forum.

A dismissal based on res judicata is notably different. It permanently deprives the plaintiff of relief. *See, e.g., Bernstein v. Bankert*, 733 F.3d 190, 224

(7th Cir. 2013). It is fundamentally less problematic for a court lacking subject-matter jurisdiction to decline to adjudicate the dispute than it is for a court lacking subject-matter jurisdiction to permanently terminate the plaintiff's case. For that reason, scholars have concluded that res judicata should not be resequenceable. *See* Kevin M. Clermont, *Sequencing the Issues for Judicial Decisionmaking: Limitations from Jurisdictional Primacy and Intrasuit Preclusion,* 63 Fla. L. Rev. 301, 330 (2011) ("Likewise, the intuition that other defenses are not resequenceable seems sound: res judicata and even the statute of limitations are sufficiently on the merits in a claim-preclusive sense.").

### III.    The procedural and factual posture of this case amplify the dangers of allowing federal courts to dispose of claims without first determining subject-matter jurisdiction.

Hoffman filed this case in state court after the district court dismissed his first complaint. According to the district court, Hoffman deliberately narrowed his class description to ensure that the aggregate amount in controversy fell below the $5 million jurisdictional amount in the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). *Hoffman*, 2015 WL 179539, at *7. Although the district court characterized Hoffman's state court complaint as a "poorly disguised attempt" to avoid diversity jurisdiction, it appears not to have been disguised at all, and instead to have been an open and transparent attempt to plead claims that did not qualify for federal subject-matter jurisdiction. *Id.*

In the normal course, a plaintiff is free to frame the complaint in a way that does not lend itself to federal court jurisdiction. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."). A plaintiff suffering from conduct that the plaintiff believes to support causes of action under state law and federal law is free to choose to assert only the state law claims to avoid triggering federal question jurisdiction. A plaintiff suffering from conduct by multiple defendants is free to sue only the diverse defendants if the plaintiff prefers federal court, or to include non-diverse defendants if the plaintiff prefers state court. More specific to this case, a plaintiff seeking to prosecute a class action in state court may limit the claims to keep them below the jurisdictional threshold. *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (the plaintiff is the "master of her own claim" and may limit the claims, either substantively or financially "to keep the amount in controversy below the threshold."). These are strategic decisions, not ethical or moral transgressions.

Some courts hold that if a complaint is properly removed based on allegations in the complaint supporting federal subject-matter jurisdiction, the plaintiff cannot divest the federal court of subject-matter jurisdiction by a *post hoc*

stipulation to limit damages to an amount below $75,000. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); Benjamin T. Clark, A *Device Designed to Manipulate Diversity Jurisdiction: Why Courts Should Refuse to Recognize Post-Removal Damage Stipulations,* 58 Okla. L. Rev. 221 (2005) (collecting cases).

Against this legal backdrop, following dismissal of his first complaint in federal court, Hoffman filed a new complaint in state court. As this Court permits, he sought to limit his claims to an amount below the CAFA jurisdictional threshold. Nordic nonetheless removed the case to federal court.

In this circuit, the removing defendant has the burden of establishing that the CAFA jurisdictional amount is satisfied. *Morgan,* 471 F.3d at 473. Did Nordic carry that burden? Is this case governed by the circuit precedent that allows Hoffman, as master of his claim, to limit it in a manner that prevents removal? Or does the procedural history make this case more akin to a post-removal damage stipulation? These questions remain unanswered because the Court bypassed them and disposed of Hoffman's claim on the basis of res judicata.

The record does indicate, however, that subject-matter jurisdiction was uncertain. It also indicates that the district court and the Third Circuit panel were both skeptical of Hoffman. The panel described him as a "serial *pro se* class action litigant." *Hoffman*, 2016 WL 4791848, at *1.

Without taking any position on Hoffman's litigation history or speculating about the district court's motivation in dismissing his claims, these facts give the appearance of a potentially dangerous scenario. The federal court—skeptical of Hoffman—is presented with a questionable removal and overlooks the potential jurisdictional infirmity to dispose of his claims permanently.

The panel noted that Hoffman requested discovery on the jurisdictional issue. *Hoffman*, 2016 WL 4791848, at *2. Although judicial efficiency is a laudable objective, the jurisdictional limitations of the federal courts are enshrined in the Constitution. *Hoffman* arguably authorizes a court to exceed its Constitutional authority to terminate a matter that is properly left to the state courts, simply to advance convenience and judicial economy. The desire for efficiency cannot override the Constitutional limitations on the federal courts' jurisdiction. *See Bartkus v. Illinois*, 359 U.S. 121, 137, 79 S.Ct. 676, 685–86, 3 L.Ed.2d 684 (1959) ("[S]eparation of powers was adopted in the Constitution 'not to promote efficiency but to preclude the exercise of arbitrary power.'").

14

## CONCLUSION

For the foregoing reasons, *amici* respectfully submit that this Court should reverse the panel's holding that a district court may bypass a challenge to subject-matter jurisdiction to dispose of a claim under the doctrine of res judicata or claim preclusion.

Respectfully submitted,

Steven F. Baicker-McKee
Duquesne University School of Law
600 Forbes Avenue
Pittsburgh, PA 15282
(412) 396-2258

*Counsel for Amici Curiae*

November 4, 2016

**BRIEF OF AMICI IN SUPPORT OF PETITION FOR REHEARING**

I hereby certify that:

1.    This brief complies with the type-volume limitation of Amended Fed. R. Civ. P. 29(b) and L.A.R. 29.1(b). It has 3,290 words as counted by Microsoft Word, excluding the cover sheet, the tables of contents and authorities, the statement of *amici* interests, and this certification.

2.    The electronic version of this brief is in PDF and was scanned using Kaspersky Endpoint Security for Windows version 10.2.5.3201 with virus definitions updated November 3, 2016. No viruses were detected.

3.    I filed the electronic version of this brief with the Court via the CM/ECF system. The Notice of Docket Activity generated by CM/ECF system constitutes service upon all Filing Users in this proceeding. The docket for this proceeding indicates that all parties are Filing Users.

4.    I am a member of the bar of this Court.

/s/  Steven F. Baicker-McKee
Steven F. Baicker-McKee

DATE: November 4, 2016